FILED
SUPERIOR COURT
OF GUAM

2014 AUG 26 AM 8: 50

CLERK OF COURT
BY:

IN THE SUPERIOR COURT
OF GUAM

| | |
|---|---|
| MICHELE T. UNGACTA, | Special Proceedings No. SP0111-14 |
| Petitioner, | |
| v. | **DECISION AND ORDER** |
| The Judicial Council of Guam and RONALD B. AGUON as Hearing Officer for the Judicial Council of Guam | |
| Respondents. | |
| and | |
| JOSUHA F. TENORIO, as acting Administrator of the Court, and the SUPERIOR COURT of GUAM, | |
| Real Party in Interest. | |

## INTRODUCTION

Pursuant to Rule 7.1 and 7.1.1 of the Local Rules of the Superior Court of Guam, Petitioners' Verified Petition for Writ of Prohibition was taken under advisement by the Honorable Judge Michael J. Bordallo on August 25, 2014. Petitioner was represented by attorney Phillip Torres. Having reviewed the memorandum and papers presented, the Court now issues the following decision denying Petitioner's application.

## BACKGROUND

Petitioner asserts that on September 26, 2012, she was notified of a proposed adverse employment action, asserting that she improperly accessed *Justware*. Pet. at 1. Petitioner responded to the notice and on October 19, 2012, she was notified she would be terminated for improperly accessing *Justware* and for violating the Code of Conduct for Non-Judicial

Employees. *Id.* On March 1, 2013, Petitioner moved to dismiss the Respondents' determination that she should be terminated arguing that her due process rights had been violated; the termination decision relying upon an additional charge to which Petitioner was never allowed to respond or of which she was never notified. *Id.* 2-3. On April 24, 2014, Respondents denied Petitioner's motion despite finding that Petitioner's due process rights had been partially violated. *Id.* at 2 and 5. On August 21, 2014, Petitioner filed a Motion to Void for Lack of Jurisdiction the Respondents' decision to terminate Petitioner's employment. *Id.* at 3. Her request was based upon Respondents' April 24, 2014 finding of a partial due process violation. *Id.* at 3, 5. On the same day Respondents refused to consider the motion, or reschedule the Petitioner's appeal hearing, set to commence on August 22, 2014 at 2:30 p.m. *Id.* at 3.

On August 22, 2014, at 10:34 a.m. Petitioners filed the instant Verified Petition for Writ of Prohibition. *Id.* at 1. In it Petitioner seeks an alternative writ of relief from the August 22, 2014, 2:30 p.m. hearing as well as the entire proceeding. *Id.* at 8. Citing Respondents' April 24, 2014, order, Petitioner argues and asserts that Respondents' partial determination that the Petitioner's due process rights had been violated left Respondent without jurisdiction. *Id.* at 3-6. It further argues that Respondents' refusal to consider its August 21, 2014, motion has left it without a plain, speedy and adequate remedy. *Id.* at 6-7.

### DISCUSSION

Section 31302 of Title 7 of the Guam Code dictates when and how a court can issue a writ of prohibition. It provides:

> It may be issued by any court except police or commissioner's courts, to an inferior tribunal or to a corporation, board, or person in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. It is issued upon the verified petition of the person beneficially interested.

7 GCA § 31302 (2013).

In June of this year the Guam Supreme reiterated the standard by which a court is to review a petition for writ of prohibition, explaining that, "three threshold criteria that must be

satisfied before a writ of prohibition may properly issue [are]: (1) petitioner is without a plain, speedy, and adequate remedy at law; (2) petitioner is a beneficially interested party; and (3) proceedings without or in excess of a tribunal's jurisdiction." *Xerox Corp. v. Office of Public Accountability*, 2014 Guam 14, ¶ 20 (parenthetical added). While it has yet to be specifically articulated by the Guam Supreme Court, a general review of other similar jurisdictions reveals that when seeking an alternative *writ*, a petitioner carries the burden of asserting sufficient facts to support a *prima face* finding of each of the necessary elements. see, *Darbee v. Superior Court, San Mateo County*, 25 Cal. Rptr. 520, 524 (Cal. Ct. App. 1962).

Here the Court is not persuaded that Petitioner has met the above burden under the first or last prong. *Xerox Corp.*, 2014 Guam 14, ¶ 20. As to the last prong Petitioner simply fails to assert, explain or attach sufficient portions of Respondents' April 24, 2014 decision, for it to analyze or find that Respondents' qualified due process decision left it without jurisdiction to hear the matter. Pet. 3-6. Furthermore, under the above facts, the Court is not persuaded that a plain reading of 4 GCA § 4406 requires, that a partial lack of notice voids the employment action in its entirety. 4 GCA 4406 (2013).

As to the first prong the Court is also not persuaded that Petitioner has been left without a plain, speedy and adequate remedy. In 2011 the Guam Supreme Court held, "the adequacy of an appeal as a legal remedy turns on whether the invasion of a party's particular right, which is deemed worthy of initial protection, would cause irreparable harm if the party was forced to wait to vindicate its right through an appeal." *Guam Police Dept. v. Superior Court of Guam*, 2011 WL 1792556, 2011 Guam 8 ¶20. The Court is not persuaded that there have been adequate facts asserted to support a finding of irreparable harm. *Id.*

## CONCLUSION

Based on the foregoing, the Court denies Petitioners' application for alternative writ.

SO ORDERED, this 26th day of _August_ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Torre Law Group
Hand Delivered A. Keep.
Date: 8/26/14 Time: 8:58 Am

Deputy Clerk, Superior Court of Guam